IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) |
| -vs- | ) Case No. CR-12-0257-F |
| DELMONTE ANTWANE PITTS, | ) |
| Defendant-Movant. | ) |

## ORDER

Defendant Pitts has filed a "Second or Successive Motion to Correct Sentence" under 28 U.S.C. § 2255. Doc. no. 49. The government objects to the motion because Mr. Pitts has not received authorization from the Tenth Circuit Court of Appeals to file a second or successive motion. Doc. no. 51.

As reviewed in the procedural history portion of the government's response brief, Mr. Pitts was sentenced on March 28, 2013. He did not appeal. He filed a motion for relief under 28 U.S.C. § 2255 on October 26, 2016. Doc. no. 32. That motion was dismissed by this court as untimely. Doc. no. 41.

Mr. Pitts brings this second or successive motion, arguing that in light of the Tenth Circuit's decision in United States v. Cantu, 964 F.3d 924 (10th Cir. 2020), this court improperly relied on three state-court drug convictions to enhance his sentence under the Armed Career Criminal Act.

Mr. Pitts has not obtained permission from the court of appeals to file a second or successive motion as required by 28 U.S.C. § 2255(h). As a result, this court has no jurisdiction to consider the merits of his motion. See, United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006) (where prisoner's pleading is treated as a

second or successive § 2255 motion, "the district court does not even have jurisdiction to deny the relief sought in the pleading").

When a second or successive motion is filed without the required authorization, the district court may either transfer the matter to the court of appeals if it determines it is in the interest of justice to do so, or it may dismiss the motion for lack of jurisdiction.  In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251, quoting Trujillo v. Williams 465 F.3d 1210, 1222-23 (10th Cir. 2006).  "Where there is no risk that a meritorious successive claim will be lost absent a [28 U.S.C.] § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the circuit] court for authorization." Id. at 1252, citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir.1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Mr. Pitts relies on Cantu, a Tenth Circuit decision, for relief.  While 28 U.S.C. §2255(f)(3) authorizes a new, one-year statute of limitations to run from the date on which the right asserted was initially recognized by the Supreme Court, that provision does not apply here, as Cantu is not a Supreme Court decision.  Accordingly, Cantu cannot restart the clock for Mr. Pitts, and his second or successive motion would appear to be time-barred.  In this situation it is highly unlikely the court of appeals would authorize the filing of a second or successive motion.  Having considered the relevant factors, the court declines to transfer Mr. Pitts' motion and will, instead, dismiss it.

After careful consideration, Mr. Pitts' second or successive motion for relief under 28 U.S.C. § 2255 is **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED this 1st day of February, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0257p015.docx